PEORIA BRAGG AND HUSBAND, Respondents, *v.* THE CITY OF MOBERLY, Appellant.

March 30, 1885.

1. EVIDENCE — COMPETENCY OF—TESTIMONY OF PHYSICAL FACTS NOT CONFINED TO EXPERTS.—A physical fact manifested to the consciousness of the person testifying, is not so much a scientific question as not to permit the subject to speak of it except she be an expert, and such a fact may be testified to by the subject of it, as to any other fact within the range of the senses.

2. SAME — BODILY OR MENTAL FEELINGS—EXPRESSING OF, BY THE SUFFERER IS ORIGINAL EVIDENCE.—Whenever the bodily or mental feelings of a party are material to be established, the exclamations and expressions by the sufferer of such feelings, *at the time of the suffering*, is original evidence. Whether the utterance is feigned or not at the time of the exclamation or the statement, is a question for the jury. 1 Greenleaf on Evidence, sect. 102.

3. PRACTICE — NEW TRIAL—WHAT IS "SURPRISE" IN ITS LEGAL ASPECT AS A GROUND FOR.—The general rule is that each party must understand his case and come prepared to meet the case made by his adversary. Therefore a party cannot be surprised that his adversary introduces evidence in support of the issues made by the pleadings, even though such testimony be false. Haynes' New

Trial, par. 79.) If a party be surprised by an unforeseen occurrence at the trial, he should make his misfortune known to the court instantly, and ask for a reasonable postponement to enable him to produce the countervailing proof. " If he can relieve himself from his embarrassment in any mode, either by a nonsuit, or a continuance, or the introduction of other testimony, or otherwise, *he must not take the chance of a verdict,* but must at once fortify his position by resorting to all available modes of present relief."—*Shelburne* v. *Ball,* 29 Cal. 608 ; *Delmar* v. *Martin,* 39 Cal. 558.

4. SAME — DISCRETION OF THE COURT IN REFUSING TO GRANT A NEW TRIAL.—It is one of the governing rules, in passing on such a motion (one for new trial), that it should be denied where the trial court is not satisfied that a different result would likely ensue on a second trial. (Haynes' New Trial, par. 85.)

APPEAL from Audrain Circuit Court, HON. ELIJAH ROBINSON, Judge.

*Affirmed.*

The facts sufficiently appear in the opinion of the Court.

W. B. SANFORD for the appellant:

I. The court erred in admitting the testimony of plaintiff as to the *prolapsus uteri* ; because it was only a matter of opinion on her part. It was a scientific question, on which the evidence of a medical or surgical expert only was admissible, and it was not shown that she was competent.—7 Mo. 530 ; 30 Mo. 160 ; Taylor on Evidence, vol. 2, sect. 1038 ; 1 Greenleaf on Evidence, sect. 440, 13th ed.; *Sparr* v. *Welmon,* 11 Mo. 230 ; *Emerson* v. *Low Gas Light Co.* 6 Allen (Mass.) 148 ; *Folke* v. *Chadd,* 3 Doug. 157 ; Best's Principles of Evidence, sect. 346 ; *Carter* v. *Boehm,* 1st Smith's Leading cases, 286.

II. The court erred in admitting the testimony of Dowdy, as to what she said of her sufferings or pain. This was hearsay.—*Chouteau* v. *Searcy,* 8 Mo. 733 ; *Fanny* v. *State,* 6 Mo. 122 ; *Wood* v. *Hicks,* 36 Mo. 326 ; *Langsdorf* v. *Field,* 36 Mo. 440, and cases there cited.

III. The court erred in refusing a new trial after permitting incompetent testimony at the trial, because the evidence was a surprise and could not have been protected against by all diligence and precaution.—*Boyce's*

*Trustees* v. *Merney et al.,* 40 Mo. 106; *Savorie* v. *Brashear,* 46 Mo. 346; *Hite* v. *Lenheart,* 7 Mo. 24.

O. T. ROUSE, for the respondents.

I. When motion for new trial is based on points addressed to the discretion of the trial court, the appellate court will not disturb its decision unless it acted arbitrarily. — *McDonough* v. *Nicholson,* 46 Mo. 35; *Eidemiller* v. *Kump,* 61 Mo. 340; *Griffin* v. *Veil,* 56 Mo. 310; *Judah* v. *Hogan,* 67 Mo. 253. The common-law rule for new trial for surprise has been abrogated by section 3704, Revised Statutes. By this section the the question is addressed to the discretion of the trial court. The surprise urged is not such as the statute mentions.

II. No objection was made as to the competency of Mrs. Bragg's evidence at the trial. No objections are noted. Appellant failing to complain at the proper time, cannot now complain.— *Waddell* v. *Williams,* 50 Mo. 219; *Gambs* v. *Cor. Ins. Co.,* 50 Mo. 49; *McDonough* v. *Nichols & Co.,* 46 Mo. 35; *Wilson* v. *N. Mo. R. R. Co.,* 46 Mo. 36. If the trial suits the litigants, they cannot afterwards complain.— *Stone* v. *Lewis,* 11 Mo. 439. The witness was not incompetent.

III. It was the duty of the city to keep the sidewalks in a reasonably safe condition to walk on, and it neglected its duty and was liable.— *Blake* v. *St. Louis,* 64 Mo. 567; *Brown* v. *Richmond,* 75 Mo. 437; *Russell* v. *Columbia,* 74 Mo. 480; *Oliver* v. *City of Kansas,* 69 Mo. 79; *Craig* v. *Sedalia,* 63 Mo. 417; 15 Michigan 307.

Opinion by PHILLIPS, P. J.

This is an action to recover damages from the defendant—a municipal corporation—for injuries suffered by plaintiff, Peoria Bragg, in 1881. The plaintiffs are husband and wife. The injury was occasioned by a defective sidewalk on one of the streets of the city. The plaintiff seems to have been badly hurt, and on trial, had in Audrain circuit court, whither the case had been removed on change of venue from the Moberly common

pleas court, the jury awarded the plaintiff damages in the sum of twenty-five hundred dollars, of which sum the plaintiffs remitted twelve hundred and fifty dollars.

The defendant seeks a reversal of said judgment on two grounds: First, because of the admission of incompetent evidence on the trial; and, second, because the court erred in refusing a new trial, because the defendant was surprised on the trial by the introduction of unexpected evidence by the plaintiff, which testimony, it is alleged, was false, and secured the amount of the verdict.

1. The plaintiff, Mrs. Bragg, in testifying to the character of her injuries, among other things, stated: "I had always been healthy before I got this fall. At the time I fell I was a little over nineteen years old. Before the fall I did my work. Since the fall I cannot do my washing, or lift anything of much weight. I could hardly work for a long time after the fall, and cannot ride horseback now, because of pain in one hip, of which I have suffered ever since the fall. I have constantly suffered with pain in the lower part of my back, bowels, and hips. Since the fall I have falling of the womb, and am now wearing a support for the womb, under the advice of my physician, Dr. Holt. He has been treating me since the fall. I have been afflicted as I now am ever since the fall." She was a mother for three months when she was injured.

The defendant objected to so much of the above statement of the witness as referred to the *prolapsus uteri.* The bill of exceptions, as it appears in the transcript before me, recites that, "the defendant objected to the statement of the witness, as to condition of her womb, because she was shown to be competent to testify on the subject." If we should hold the defendant to its record, which it brought here, we should hold that the objection made at the trial, which is the only objection it can be heard to make on appeal, was *felo de se:* for the objection is that plaintiff was competent to testify to this very matter.

But giving defendant the benefit of regarding this as a clerical error, we do not see what legal objection there is to its competency. It cannot be maintained that the physical fact of the falling of the womb is so much a scientific question, as not to permit the subject to speak of it except she be an expert. The witness merely stated the fact that since her injury she had a falling of the womb. It certainly will not be seriously asserted that a woman nineteen years old and a mother, does not know what her womb is, and that she is not able to tell, without reading medical books and studying physiology, whether her womb had fallen down, or whether it did so prior to a given date. If she had testified that her monthly period was then at hand, could it be maintained that it was the utterance of an opinion, which an expert in the study of catamenia alone could speak of? The fact testified to by Mrs. Bragg was one within the common experience of her sex, to which she might testify as to any fact within the range of her sense of sight and touch.

2. A witness named Dowdy, the father of Mrs. Bragg, testified that his daughter had always been fond of horseback riding, and was an active rider, but that since her injury, when on a visit to his home, she rode a half mile, and on alighting complained that her hip hurt her so she could not ride. She got down and walked, "and she complained considerably of pain in her hip, the lower part of her back, and in her abdomen."

This is objected to by defendant, on the ground that it is hearsay testimony. The objection is not well taken. It is the well settled rule of evidence that whenever the bodily or mental feelings of a party are material to be established, the exclamations and expressions by the sufferer of such feelings at the time of the suffering, is original evidence. Whether the utterance be feigned or not at the time of the exclamation or statement, is a question for a jury. (1. Greenl. Ev., sect. 102.) "The representation by a sick person of the nature, symptoms and effects of the malady under which he is laboring at

the time, are received as original evidence. If made to a medical attendant, they are of greater weight as evidence; but, if made to any other person, they are not on that account rejected." (*Supra.*)

3. The principal contention of appellant is the refusal of the court to grant it a new trial based on the claim of surprise. The motion alleged that defendant was surprised by the testimony of Mrs. Bragg touching the *prolapsus uteri*. The motion charged that this statement was untrue, and that defendant did not expect any such evidence from the plaintiff, and that it had no means at hand for disproving the same. In support of the motion defendant presented the affidavit of one of its attorneys as to the surprise of counsel, and the affidavits of a number of physicians, resident of the city of Moberly, who deposed solely as experts, giving it as their opinion, that a woman falling on a sidewalk in the manner shown by the evidence, would not have received an injury to her womb as claimed; and that they did not think the symptoms following her injuries sufficiently indicative of such disturbance of the organ.

It does not appear that any of these physicians had ever diagnosed the case, or made any personal examination of the patient. Plaintiff also presented a number of counter affidavits from physicians of the same town, directly antagonizing the theory of the first-named physician. The plaintiff also presented the affidavit of Dr. Holt, her attending physician, which confirmed the truth of her statement.

It is one of the governing rules in passing on such a motion, to deny it where the trial court is not satisfied that a different result would likely ensue on a second trial. (1 Haynes' New Trial, par. 85.) The court might very well have foreseen, from the conflicting opinion of the experts, that the jury, so far as they were concerned, would derive as little aid from their positivism as the negativism of agnostics. There was little reason to apprehend that any subsequent jury would set aside the positive statements of the plaintiff, and her attending

physician, testifying from actual experience and personal examination of the subject, for the mere hypothetical opinion of divided experts.

Again we fail to find in this record any just foundation for the alleged surprise. In the deposition of Dr. Holt, taken sometime prior to and read on the trial, he stated, *inter alia*, that the symptoms manifested in plaintiff's complaints and injuries, are present in monthly periods, and *also in falling of the womb*. This certainly was sufficient to have put vigilant counsel on their guard and inquiry.

And more, when the evidence was developed in the testimony of Mrs. Bragg there was no objection made that it was not within the purview of the issues made by the pleadings : "The general rule is that each party must understand his case, and come prepared to meet the case made by his adversary. Therefore, a party cannot be surprised that his adversary introduces testimony in support of the issues made by the pleadings ; even though such testimony be false." (Haynes' New Trial, par. 79.) Nor did defendant's counsel, at the time, profess any surprise at this testimony, or protest to the court that they were not prepared immediately to meet it, or ask for any delay to call witnesses thereto. The expert testimony, in the form of affidavits, was within an hour or two's ride, by railroad, of place of trial. No effort was disclosed to call physicians of the populous town where the court was sitting. Counsel, in short, showed no diligence. The surprise never manifested itself until after the verdict of the jury.

If a party be surprised by an unforeseen occurrence at the trial, he should make his misfortune known to the court instantly and ask for a reasonable postponement to enable him to produce the countervailing proof. "If he can relieve himself from his embarrassment by any mode, either by a nonsuit, or a continuance, or the introduction of other testimony, or otherwise, he must not take the chances of a verdict, but must at once fortify his position by resorting to all available modes of present

relief."—*Shellhouse* v. *Ball*, 29 Cal. 608; *Delmas* v. *Martin*, 39 Cal. 558.

The *remittitur* entered by the plaintiff, was probably a large reduction for any augmentation of the verdict in consequence of this part of plaintiff's testimony. The judgment of the circuit court is affirmed. HALL, J., concurs.

ELLISON, J., not sitting, having been of counsel.