SAMUEL WORKMAN, Respondent, v. BENTON P. TAYLOR, Appellant.

### Kansas City Court of Appeals, February 8, 1887.

1. JUSTICES' COURTS—SUFFICIENCY OF DOCKET ENTRY—CASE ADJUDGED.—In a suit upon a promissory note in a justice's court, at the trial of which both parties appeared, the docket entry was as follows: "Plaintiff comes represented by his son, Samuel Workman, Jr. Defendant comes, also, and pleads a failure of consideration; that he did not receive any value on said note. Dismissed for want of consideration." Held, that the entry is sufficient to authorize the appeal, the statute (sect. 3011, Rev. Stat.) providing against invalidity because of any informality in docket entry. And the statute provisions in case of appeal from such judgments (sect. 3052, Rev. Stat.) are founded upon the basis of regarding only the substance and not the form.

2. —— SURPRISE—WHAT IS NOT.—A party cannot be surprised (in its legal meaning) that his adversary introduces testimony in support of the issues made by the pleadings, even though such testimony be false. The general rule is, that each party must understand his case, and come prepared to meet the case made by his adversary.

APPEAL from Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

The case is stated in the opinion.

SAMUEL P. SPARKS, for the appellant.

I.   The court erred in overruling appellant's motion to dismiss respondent's appeal. There was no final judgment by the justice of the peace, which is essential to the right of appeal in every case, in whatever court. *Boggess v. Cox*, 48 Mo. 278; *Rogers v. Gosnell*, 51 Mo. 466; *Moody v. Deutsch*, 85 Mo. 237; 1 Rev. Stat., sect. 3039; *Davis v. Perry*, 46 Mo. 449; *Jones v. Snodgrass*,

54 Mo. 598; *Walser v. Halsey,* 61 Mo. 445; *Jones v. Evans,* 80 Mo. 565. (*a*) Where the merits of the matters in controversy have not been passed on the action of the court is no bar to another suit. *Bell v. Hoagland,* 15 Mo. 360; *Wright v. Salsbury,* 46 Mo. 26; *Clemens v. Murphy,* 40 Mo. 121; *Wells v. Moore,* 49 Mo. 229. (*b*) The right of appeal is to be determined from the *judgment entry* alone. See authorities, *supra.*

II. The recitals in the judgment of the inducement to the justice action cannot change the nature and form of the judgment and make that a final judgment by intendment, which is not such by its terms.

III. The court should have allowed the motion for a new trial, on the ground of defendant's surprise at the testimony of plaintiff, in regard to the use of the platform wagon scales, by Taylor Bros., on the affidavit filed in support of motion. This testimony was not cumulative, but new testimony, which tended to prove that there was a partial failure of the consideration of the note, since plaintiff says he charged the use of the scales entirely to defendant, and this went to make up note, and the facts appear, by affidavit of F. A. Martin, that for a long period of time defendant did not have the use of the scales.

O. L. HOUTS, for the respondent.

I. Appellant's motion, filed in the circuit court to dismiss respondent's appeal from the justice's court, was properly overruled. *Weeks v. Etter,* 81 Mo. 375; *Plank Road Co. v. Robinson,* 27 Mo. 396; Rev. Stat., p. 502, sect. 3011; *Morse v. Brownfield,* 27 Mo. 224; *Hazeltine v. Reusch,* 51 Mo. 50; *Monday v. Clements,* 58 Mo. 577; Freeman on Judgments [3 Ed.] sect. 53; Rev. Stat., p. 510, sect. 3052: *Kelley v. Railroad,* 86 Mo. 681. Appellant, by going to trial on the merits, waived his right to except to the action of the court in overruling the motion.

II. Appellant failed to make out a case of surprise,

entitling him to a new trial, and the court did not err in
overruling the motion for a new trial. *Peoria Bragg
and husband v. City of Moberly,* 17 Mo. App. 221;
*Hurlburt et al. v. Jenkins et al.,* 22 Mo. App. 572.

111. Respondent respectfully submits that this ap-
peal is frivolous, and asks that judgment be affirmed,
with ten per cent. damages.

Philips, P. J.—The plaintiff sued defendant in a
justice's court, on a promissory note. Both parties ap-
peared at the trial. The justice's transcript recites,
*inter alia,* that: "Plaintiff comes represented by his
son, Samuel Workman, Jr. Defendant comes, also,
and pleads a failure of consideration; that he did not
receive any value on said note. Dismissed for want of
consideration."

From this action of the court plaintiff appealed to
the circuit court. When the case was reached for hear-
ing the defendant moved to dismiss the appeal, because
there was no final judgment in the justice's court. This
motion was overruled. The cause was tried *de novo,*
both parties participating in the trial. The court, sit-
ting as a jury, found the issues for the plaintiff.

From the judgment entered thereon the defendant
prosecutes this appeal.

I. The only question of any importance presented
is, as to the sufficiency of the entry in the justice's
docket, to authorize the appeal. We are of opin-
ion that it is sufficient. The authorities relied on
by appellant are cases respecting judgments of the
circuit court, where form is important, owing to the dig-
nity of the court, and the learning that is supposed to
characterize those who preside over its deliberations,
and of those who enter up its proceedings. But in
justices' courts we are to overlook mere matters of form,
and view their proceedings and records according to the
merits, and with liberality. To this end the statute pro-
vides that, "no judgment rendered by a justice of the

peace shall be deemed invalid, stayed, or in any way affected by reason of the neglect or failure of the justice to enter the same within the time prescribed, or by reason of any informality *in entering* or *giving such judgment*, or other entry required to be entered in the docket, or for any other default or negligence of the justice, by which neither party shall have been prejudiced."

And to make this principle of leniency, respecting the informality of the proceedings of these courts, more conspicuous, in the revision of 1879, section 3052, it is provided, that: "Upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try, and determine the same anew, without regarding any error, defect or other imperfection in the original summons, or the service thereof, or on the trial, *judgment*, or other proceedings of the justice, etc."

The error complained of in this case is but an informality or imperfection in the form of the judgment. The record shows clearly enough that the justice heard the case, and held that the defence of a failure of consideration was satisfactorily sustained, and thereupon he dismissed the action. The meaning of which is, that the plaintiff take nothing by his action. This was an end of the case, as far as that court was concerned. *Bowie v. Kansas City*, 51 Mo. 459. And the plaintiff's proper remedy was an appeal, to have his cause tried *de novo*. *Week v. Etter* (81 Mo. 375), was an appeal from the dismissal of the plaintiff's action by the justice. We think the judgment in this case came clearly within the spirit of the law applicable to proceedings in justices' courts. Freeman on Judgments, sect. 53.

II. The defendant assigns for further error the action of the circuit court, in refusing him a new trial, on the ground of surprise at the evidence of the plaintiff at the trial.

We discover nothing in the affidavits in support of

this motion to distinguish the case, in principle, from that of *Peoria Bragg v. City of Moberly* (17 Mo. App. 221). The motion was properly overruled.

We find no error in this record. The judgment of the circuit court is affirmed. All concur.