SEBASTIAN ALBERT, Appellant, v. WENDELL SEILER, Respondent.

St. Louis Court of Appeals, May 22, 1888.

1. PRACTICE, APPELLATE—MOTION FOR NEW TRIAL.—Objections to the exclusion of evidence will not be considered on appeal, when they were not presented below in the motion for a new trial.

2. PRACTICE—INSTRUCTIONS.—Instructions are properly refused when not justified by the evidence.

3. PRACTICE—CONFLICTING EVIDENCE.—Where the evidence is conflicting and there is substantial testimony in support of the verdict, the trial court commits no error in refusing a new trial.

4. PRACTICE, APPELLATE—INSTRUCTIONS.—An objection that the verdict was against the instructions for the plaintiff is entitled to no consideration when the record fails to show that any instructions were given for the plaintiff.

5. PRACTICE—MOTION FOR NEW TRIAL—SURPRISE.—A motion for a new trial on the ground of surprise is properly denied when it appears that the new testimony proposed to meet the alleged surprise is merely cumulative. Nor can a party avail himself of an alleged surprise at the trial when he did not, at the time of its occurrence, make the fact known and take such steps as were possible to counteract its effects.

APPEAL from the Bollinger Circuit Court, HON. JAMES D. FOX, Judge.

*Affirmed.*

SAM. M. GREEN, for the appellant: The instructions numbered one to six prayed by plaintiff were improperly refused. Taken in their entirety, they fairly presented the law of the whole case, were clear and confined to the contract sued on, and were based on the evidence adduced at the trial. *Talbot v. Means*, 21 Mo. 427; *Thomas v. Babb*, 45 Mo. 384; *McKeon v. Railroad*, 43 Mo. 405; *Glass v. Gelvin*, 80 Mo. 297; *Livingston v. Ins. Co.*, 7 Cranch, 506, 544; *Jarret v. Morton*,

44 Mo. 275; *Mellon v. Smith*, 65 Mo. 315; Story on Contracts [3 Ed.] sec. 844*a ;* 2 Parsons on Contracts [6 Ed.] sec. 679. Even in a case of fraud, which is neither charged nor proved in this case, the parties must be placed in *statu quo. Cahn v. Reed*, 18 Mo. 116; *Pearsel v. Chapin*, 44 Pa. St. 9; *Estes v. Reynolds*, 75 Mo. 563. There was no time named in contract; if agreed on, it should have been incorporated in it. *Smith v. Shell*, 82 Mo. 215. And there was no proof of any modification of the contract on a new consideration which would be necessary to authorize instructions on specific articles and time. *Henning v. Ins. Co.*, 47 Mo. 425. A written contract supersedes a prior verbal agreement concerning the same matter. *Hager v. Hager*, 71 Mo. 610; *Chrisman v. Hodges*, 75 Mo. 413. Instructions numbered two and three given by the court for plaintiff, as well as those given for defendant numbered one, three, four, five, and seven, are objectionable for the same reasons, and tend to confuse the jury as to time of delivery, not mentioned in contract, and notes not admitted in evidence; and are inconsistent with instructions as a whole. *Donahoe v. Railroad*, 83 Mo. 560; *Chouteau v. Iron Co.*, 82 Mo. 73; *Greer v. Parker*, 85 Mo. 107. The other instructions, numbered two and eight, given for defendant should not have been given, because, in effect, they make a contract for the parties which they never made. The rule is, that when a written contract is made, everything is incorporated therein. *Hager v. Hager*, 71 Mo. 610; *Chrisman v. Hodges*, 75 Mo. 413. These instructions confined the case within certain limits and are inconsistent with others given. They should be predicated on the whole evidence. *Mansur v. Botts*, 30 Mo. 657; *Sheedy v. Streeter*, 70 Mo. 679. Instructions should be clear and consistent as a whole, otherwise they are calculated to mislead. One instruction cannot cure the defects in another. *Henschen v. O'Bannon*, 56 Mo. 280; *Price v. Railroad*, 77 Mo. 508; *Lampert v. Gas Co.*, 12 Mo. App. 576; *Stevenson v.*

*Hancock*, 72 Mo. 612. Contradictory instructions multiply the evils in both and correct neither. *State v. Nauert*, 2 Mo. App. 295. An erroneous instruction is not cured by one given to the other party. *Goetz v. Railroad*, 50 Mo. 472. These instructions were clearly repugnant and were error. *Frederick v. Allgaier*, 88 Mo. 598. These instructions singled out particular facts (governors, pump, lower first joint, belting, concave, new straw carrier) which were not conclusive by the evidence, nor shown to be in the contract, and emphasized them, which was manifest error. *Koenig v. Life Association*, 3 Mo. App. 596; *Siegrist v. Arnot*, 10 Mo. App. 197; *Kendig v. Railroad*, 79 Mo. 207; *Jamison v. Carroll*, 5 Mo. App. 598; *Ehrlich v. Ins. Co.*, 15 Mo. App. 579; *Clay v. Railroad*, 17 Mo. App. 629; *Schaefer v. Leahy*, 21 Mo. App. 110; *Weil v. Schwartz*, 21 Mo. App. 372; *Judd v. Railroad*, 53 Mo. 56; *Hackman v. Maguire*, 20 Mo. App. 286. The motion for a new trial complied with the requirements of the statute. Rev. Stat., sec. 3704. The weight of the evidence was greatly against the verdict, and, in view of the conflicting instructions, leads to the conviction that there were prejudice and gross ignorance on the part of the jury. *Taylor v. Fox*, 16 Mo. App. 527; *Lionberger v. Pohlman*, 16 Mo. App. 392. The evidence made a clear case for plaintiff, and a new trial should have been awarded. *Borgraefe v. Knights of Honor*, 22 Mo. App. 127. The newly-discovered evidence was not cumulative, but material, and would have changed the result. If material, a new trial should have been given. *State v. Locke*, 58 Mo. 107; 26 Mo. 603. The surprise was as to facts. There was no element of neglect, as to the last moment the plaintiff was expected to arrive, but was sick and could not come. His testimony was necessary in addition to his deposition.

J. W. LIMBAUGH, for the respondents: The court properly refused the instructions asked by appellant. Appellant's instructions numbered one and two are based

upon the theory that the property in the machinery passed to respondents on the execution of the contract. Such is not the law as applicable to this case. The property does not pass absolutely unless the sale be completed, and it is not completed until the happening of any event expressly provided for, or so long as anything remains to be done to the thing sold to put it in a condition for delivery, or in a deliverable state. 1 Parsons Cont. [6 Ed.] 527 ; Benjamin on Sales [2 Am. Ed.] secs. 311, 318, 319, 320, 335 ; *Lingham v. Eggleston*, 27 Mich. 324 ; *S. T. & C. P. Co. v. Stannard*, 44 Mo. 71 ; *Ober v. Carson*, 62 Mo. 209. There was no error in refusing instructions numbered three and five on the part of appellant. The abstract legal propositions stated therein are not applicable to the facts in this case. *Longuemore v. Busby*, 56 Mo. 540 ; *Shaffner v. Leahy*, 21 Mo. App. 110. The fourth instruction asked by appellant is not the law of the case. Unless he first shows performance of all the conditions precedent on his part he is not entitled to recover, and the amount of his expenditures of money in repairs is immaterial, and can form no basis of damages, unless he has put the property in a condition in which, under the terms of the contract, it was the duty of respondents to accept it. *Monks v. Miller*, 13 Mo. App. 363 ; *Turner v. Mellier*, 59 Mo. 526 ; *Larimore v. Tyler*, 88 Mo. 661. There was no evidence to base the sixth instruction on, and it was righlty refused. *Givens v. Van Studiford*, 4 Mo. App. 499 ; *Willis v. Stephens*, 24 Mo. App. 494. When a contract contains various mutual stipulations, neither party can recover for a breach of a covenant in his favor without proving the performance of all acts, on his part, which by the contract are conditions precedent to the obligation of defendant. *Drury v. Kile*, 16 Mo. 450 ; *Eyerman v. Cem. Ass'n*, 61 Mo. 489 ; *Yates v. Ballentine*, 56 Mo. 530 ; *Turner v. Mellier*, 59 Mo. 526 ; 2 Parsons Cont. [6 Ed.] 520, 532 ; Benjamin on Sales [2 Am. Ed.] sec. 318 ; *Lewis v. Ins. Co.*, 61 Mo. 534 ; *Haynes v. Church*, 12 Mo. App. 536. Respondents'

instruction number five correctly declares the law as
shown by authorities hereinbefore cited. 1 Parsons
Cont. [6 Ed.] 527 ; Benjamin on Sales [2 Am. Ed.] secs. 311,
318, 319, 320, 335 ; *Lingham v. Egglestone,* 27 Mich.
324 ; *Ober v. Carson,* 62 Mo. 209 ; *S. F. & C. P. Co. v.
Stannard,* 44 Mo. 71. Respondents' instruction number
six is a statement of an elementary proposition of law,
and has so long been supported in this state that it
would seem superfluous to cite authorities ; but see,
*Davis v. Railroad,* 13 Mo. App. 449 ; *Berry v. Wilson,*
64 Mo. 164 ; *Cooper v. Johnson,* 81 Mo. 513. The alle-
gation of the discovery of new evidence is not sup-
ported by affidavit, and should not be considered. *State
v. McLaughlin,* 27 Mo. 111 ; *Culbertson v. Hill,* 87 Mo.
553. The evidence alleged to be discovered is only
cumulative and is no ground for a new trial. *Roach v.
Colburn,* 76 Mo. 653 ; *Snyder v. Burnham,* 77 Mo. 52 ;
*Culbertson v. Hill,* 87 Mo. 553 ; *Stone v. Spencer,* 77
Mo. 356. In this matter appellant has not complied
with the requirements of the law, and his application
was rightly overruled. *Shaw v. Busch,* 58 Mo. 107 ;
*Cook v. Railroad,* 56 Mo. 380 ; *Boggs v. Lynch,* 22 Mo.
563. The deposition of appellant was taken after the
filing of the petition and answer on which the case was
tried. Albert then knew the issues in the suit and was
competent to testify as to the facts involved therein.
His failure to testify to the whole case as made by the
pleadings cannot now be urged as ground for new trial
nor for error. Neither can he now be permitted to say
he was surprised at the testimony of respondents. Their
testimony was in support of their answer, and could
not be a surprise to appellant. "A party cannot be
surprised, in its legal meaning, that his adversary intro-
duced testimony in support of the issues made by the
pleadings. The general rule is that each party must under-
stand his case and come prepared to meet the case made
by his adversary." *Bragg v. City,* 17 Mo. App. 221 ;
*Workman v. Taylor,* 27 Mo. App. 550. Plaintiff should

have taken a nonsuit and sued again, or asked post-ponement till he could produce countervailing proof. *Savoni v. Brashear*, 46 Mo. 345; *Bragg v. City*, 17 Mo. App. 221. The trial court in its sound discretion determined the motion for new trial in favor of defendants. This court will not interfere with the action of the lower court. *Eidelmiller v. Kump*, 61 Mo 340; *Cook v. Railroad*, 56 Mo. 380. The questions of fact in this case were submitted to a jury and by them under the evidence adduced, were determined in favor of defendants. This court will not disturb such finding when there is any evidence to support it. *Faugman v. Husey*, 43 Mo. 122; *Longuemore v. Busby*, 56 Mo. 540; *Norton v. Moberly*, 18 Mo. App. 457; *Foundry v. McCann*, 68 Mo. 195.

Peers, J., delivered the opinion of the court.

This action was commenced in the Cape Girardeau court of common pleas in September, 1884, upon the following written instrument :

"Cape Girardeau, Mo., July 16, 1884. We have this day bought of S. Albert, Cape Girardeau, Missouri, one second-hand Garr, Scott & Company separator, which Mr. S. Albert agrees to put in good running order and furnishes whatever is necessary to do the necessary work, warranting the same. We agree to pay him for said engine and separator the sum of seven hundred dollars as follows : Our notes payable October 1, '84, and October, '85, for three hundred and fifty dollars each.

"(Signed)        "Wendell Seiler,
"John M. Devore."

For a breach of said writing obligatory plaintiff charges that defendants wholly failed, neglected, and refused to execute and deliver to plaintiff their promissory notes as in said agreement mentioned, or pay the purchase price of said machinery or any part thereof, and that by reason of their refusal to comply with their agreement, plaintiff has been damaged in the sum of one thousand dollars.

In their answer the defendants admit the execution of the instrument set out in plaintiff's second amended petition; they deny that the plaintiff performed the conditions, acts, and agreements by him agreed and contracted to be performed and done in and about said engine and separator; and they aver and say that plaintiff did not put said engine and separator in good running order and repair as by said agreement he bound himself to do; and as it was contracted should be by him done before defendants should be compelled to accept said engine and separator.

"Further answering say that at the time they signed and delivered said instrument of writing to plaintiff, he agreed and contracted with defendants that, previous to the delivery of said machinery to defendants and their acceptance of the same, he should put new governors, a new pump, and a new lower or first joint of pipe on said engine; and, that he would furnish new belting, a new straw carrier, and a new set of teeth for said separator, attach and adjust the same thereto and put said engine and separator in good running order; that plaintiff failed and refused to furnish said repairs to said engine and separator; and by reason of said engine and separator not being repaired at the time fixed for the delivery thereof to defendants, and of plaintiff's then refusing to make or furnish said repairs, defendants refused to accept said engine and separator.

"For other and further answer defendants say that at the time appointed and agreed upon by plaintiff, for the delivery of said engine and separator to defendants, they called for them at the place where the same were to be delivered to them, and were ready and willing to accept said engine and separator according to the terms of said contract, and to execute their notes therefor; but that plaintiff had not then put said engine and separator in good running order; that he then and there refused to put them in good running order; and by

reason of plaintiff's refusal to do and perform the conditions on his part aforesaid, defendants refused to accept said engine and separator ; that said engine and separator were much out of repair and were unfit to use in threshing grain, the purpose for which defendants desired to buy them, and of which purpose plaintiff knew when he made the said contract with defendants ; and that in the condition in which plaintiff offered to deliver said engine and separator, they were entirely useless to defendants.

"Further answering, say that they made the contract for the purchase of said engine and separator intending to use them in threshing wheat during the threshing season of 1884, for themselves and such farmers as might wish to employ defendants to thresh for them; that plaintiff knew this at the time for them to use said engine and separator, wherefore defendants pray judgment."

Plaintiff to this answer filed his replication. The venue of the case was thereupon changed to the circuit court of Bollinger county by consent, where in March, 1885, the case was tried by a jury, which resulted in a verdict and judgment for defendants, to reverse which the plaintiff appeals to this court, assigning as error : ( 1 ) The verdict of the jury was against the evidence at the trial; ( 2 ) the verdict was against the weight of evidence ; ( 3 ) the verdict was against the instructions given by the court for the plaintiff; ( 4 ) material mistakes by defendants, who were sworn as witnesses in their own behalf, and ( 5 ) newly-discovered evidence, and surprise at the evidence offered by defendants.

Considerable time is expended by plaintiff in discussing in his brief the exclusion of evidence, but as the question was not properly saved in the motion for a new trial it will not be considered by this court. The motion for new trial does set out several grounds or reasons, not one of which could be held to include the objection that evidence was improperly excluded. The motion for new trial must *specify* the grounds upon which it is

founded. *Bollinger v. Carrier*, 79 Mo. 318. Such objection was not called to the attention of the trial court by the plaintiff in his motion for new trial, and cannot be urged in this court. *Putnam v. Railroad*, 22 Mo. App. 589.

As to the action of the court in refusing the instructions offered by the plaintiff, we need only remark that they were not justified by the evidence, and the trial court committed no error in refusing them.

There was in this case some conflict of evidence, but upon a careful reading of all the testimony we are not prepared to say that the verdict is without proof to support it. On the contrary there is substantial evidence to support the verdict, and where such is the case, the trial court commits no error in refusing to grant a new trial upon the evidence. *Coudy v. Railroad*, 13 Mo. App. 588; s. c., affirmed, 85 Mo. 79.

On the part of the defendants, Devore, Seiler, Lancaster, and Frey, all testify that the machinery was not in good condition on July 22, 1884, the day on which Albert offered to deliver it. Frey and Lancaster, both practical engineers, testify not only that the machinery was not in good condition, but that it was unsafe and dangerous. Lancaster says: "Could not put water in the boiler when steam was over forty-five degrees. Valves of pumps were old and rusty and worn out; they had no connection with the boiler; they were stuck on to stop a leak, and were in no condition for use. The governors were heavy. Lower joint of smoke-stack was worn out. The engine made thirty revolutions per minute; it takes one hundred and forty to thresh. No new teeth in cylinder. Bassett agreed to repair the pump. The brakes were not on and were necessary. I have been engineer about twenty years."

Frey testified: "Am machinist twenty years. Saw engine; had Hancock inspirator. The boss mechanic screwed up the nipple one-half to one inch and it leaked. He picked up some pump-packing and wrapped it. I thought it would blow out. It would not work if

steam was high.   This was two o'clock on Tuesday, the
last day I was there.   The smokestack was an old one,
bottom section full of holes; this checked the draft.
No danger in the bottom joint.   The engine was not in
good repair with that smokestack.     There was a piece
of an old pump on it, in no repair to use the way it
was; there were no connecting pipes.     It probably
would have worked if connected.     I noticed the gov-
ernors first day had no belt.   Next day running at
speed of thirty or forty revolutions.   Governors did not
handle engine.   No brakes on engine; were necessary."

The above extracts from the testimony certainly
warranted the trial court in refusing to sustain the
motion for a new trial on the theory that the verdict of
the jury was against the evidence.   Nor do we see that
the verdict was against the instructions given by the
court for the plaintiff, especially in view of the fact that
the record utterly fails to show that any instructions
were given by the court for the plaintiff.   All the
instructions were given by the court of its own motion,
and on behalf of defendants, but none whatever on behalf
of the plaintiff.   And as no question is properly raised
as to the instructions thus given, we shall not examine
them, further than to say, on the whole, they seem to
have put the case before the jury in a very fair light.

Upon the question of surprise, we think that the
affidavit of Sanders furnishes no ground for a new trial.
His testimony would be merely cumulative.   He says
these defendants asked him "about the engine, and
that he said it was a good one ; that he had no difficulty
in threshing wheat with it, though the governors were
heavy ; never said that a new pump was necessary, nor
a new smokestack," etc., etc.   Had this witness been
produced at the trial, his testimony, as shown by the
affidavit, would only differ from that of defendants as
to the governors of the engine, and this point was amply
covered by testimony other than that of defendants.

The affidavit of Mr. Albert that, "he was sick on
the day of trial, and was unable to attend, and that he

fully expected to be at the trial," does not furnish any ground for setting aside the verdict, especially in view of the fact that Mr. Albert was the plaintiff and testified by deposition to about the same facts as are contained in the motion for new trial.

"The general rule is, that each party must understand his case, and come prepared to meet the case made by his adversary. Therefore, a party cannot be surprised that his adversary introduces testimony in support of the issues made by the pleadings, even though such testimony is false." Haynes New Trials, par. 79.

Counsel, at the time, did not profess any surprise at the testimony, or protest to the court that they were not prepared to immediately meet it, or ask any delay to call witnesses thereto. The surprise never manifested itself until after the verdict of the jury.

In *Bragg v. City of Moberly*, 17 Mo. App. 221, this question is treated by PHILIPS, P. J., in the following language: "If a party be surprised by an unforeseen occurrence at the trial, he should make his misfortune known to the court instantly, and ask for a reasonable postponement to enable him to produce the conntervailing proof. 'If he can relieve himself from his embarrassment by any mode, either by a nonsuit, or a continuance, or the introduction of other testimony, or otherwise, he must not take the chances of a verdict, but must at once fortify his position by resorting to all available modes of present relief.'" *Shellhouse v. Ball*, 29 Cal. 608; *Delmas v. Martin*, 39 Cal. 558.

Following the rule thus laid down, we think the trial court committed no error in the case, and its judgment is affirmed. All concur.