MICHAEL DALTON, Respondent, v. LOUIS H. SHAFFNER
*et al.*, Appellants.

St. Louis Court of Appeals, December 3, 1889.

Practice, Trial. One, who is surprised by the introduction of evidence at the trial, must, if he desire relief, at once ask it; it is too late to do so after the close of the trial.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

AFFIRMED.

*Stone & Slevin*, for the appellants.

There can be but one lien filed for the same demand. *Mulloy v. Lawrence*, 31 Mo. 583; *Davis v. Schuler*, 38

Mo. 28. Notice to owner must be given by subcontractor at least ten days before filing lien. R. S., sec. 3190; *Tower v. Remick*, 19 Mo. App. 205. Mechanic's liens in the absence of express statutory provision do not admit of amendment. Phillips on Mech. Liens, sec. 45.

*David Murphy*, for the respondent.

Motion for new trial on ground of surprise must show that the party at the time of the alleged surprising circumstances did something to indicate his surprise; and such surprise as to indicate an unforeseen disappointment in a reasonable expectation, against which ordinary prudence could not have guarded. *Albert v. Seiler*, 31 Mo. App. 247; *Smith v. Wheeler*, 27 Mo. App. 16. And the second lien claim could be filed and offered in evidence. *Mech. Mill Co. v. Nast*, 7 Mo. App. 147; *Davis v. Schuler*, 38 Mo. 28. Even if the question of the validity of the lien claim of March 5 had been raised by answer, plaintiff could have replied that the lien claim of December 24 was defective and invalid on the authority of *Cotling v. Nast*, 8 Mo. App. 573; *Kling v. Constr. Co.*, 7 Mo. App. 411; *Rude v. Mitchell*, 97 Mo. 365.

THOMPSON, J., delivered the opinion of the court.
The sole question for decision is whether the court erred in refusing to grant a new trial which the defendants claimed on the ground of surprise. The action was to enforce a mechanics' lien. The claim of lien, which was put in evidence by the plaintiff, bears date March 5, 1889, and shows that notice of the intention to file the lien was given December 13, 1888. The affidavits in support of the motion for new trial show that this notice was the only one which was given; that in pursuance of it a claim of lien was filed on the twenty-fourth day of December, 1888, which was the only claim of lien of which the defendant Shaffner had knowledge; that he

prepared his defense against the lien claimed in the paper of December 24, 1888, and was totally unprepared for trial upon the lien claim subsequently filed, and was greatly surprised at the trial when it was offered in evidence. But the affidavits do not state that he made his surprise known to the court at the time, when the paper of March 5, 1889, was offered in evidence, or at any time before the close of the trial. Indeed it does not even appear that he objected to the paper on any ground when it was offered in evidence.

It is plain from the foregoing statement that the motion for new trial was correctly overruled. "If a party be surprised by an unforeseen occurrence at the trial, he should make his misfortune known to the court instantly, and ask for a reasonable postponement to enable him to produce the countervailing proof. If he can relieve himself from his embarrassment by any mode, either by a nonsuit, or a continuance, or the introduction of other testimony, or otherwise, he must not take the chances of a verdict, but must at once fortify his position by resorting to all available modes of present relief." *Bragg v. Moberly,* 17 Mo. App. 221; *Albert v. Seiler,* 31 Mo. App. 257.

The judgment will be accordingly affirmed. All the judges concur.