## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1896.

*(Continued from Volume 67.)*

F. O. SAWYER PAPER COMPANY, Respondent, v. JOHN
E. MANGAN, Defendant; MARY A. LUNEY,
Interpleader, Appellant.

St. Louis Court of Appeals, December 8, 1896.

1. **Attachment**: INTERPLEA, AUTHORITY TO ATTORNEY TO WITHDRAW:
STIPULATION OF ATTORNEYS: EVIDENCE. In attachment, where an in-
terplea was filed, a writing admitted in evidence, executed by the
interpleader, authorizing her attorney to withdraw her plea and allow
judgment to go against her, was competent as evidence of an admis-
sion that her claim was unfounded, and the admission of a stipula-
tion between the attorneys that judgment might be entered for plain-
tiff on the interplea, though error, was not prejudicial error, where it
was not shown that any action was taken under it.

2. ———: ———: EVIDENCE: JUDGMENT. In such action, where it ap-
peared that alleged debts from defendant to interpleader were not
*bona fide*, that, although the debts were justly due, a mortgage to
secure them was given for the purpose of hindering, delaying, or
defrauding the other creditors of defendant, and that the admis-
sion of the interpleader was such as to justify the conclusion that she
had no claim under the mortgage,—*Held:* That the judgment might
well be sustained on any one of these grounds.

3. **New Trial**: MISTAKE IN TESTIMONY. A motion for new trial on the
ground of an alleged mistake in the testimony at the trial, was prop-
erly overruled. The proper time to correct such mistake is before
the close of the case by calling it to the attention of the trial judge.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Blevins & O'Brien* for appellant.

The stipulation, signed by Robt. W. Goode, as attorney for interpleader, was incompetent and irrelevant, and its admission in evidence by the court was error. *Williard v. Gas Co.*, 47 Mo. App. 5; *Black v. Rogers*, 75 Mo. 448; Weeks on Attys., sec. 130; Whar. on Agency, sec. 594.

A new trial should have been granted interpleader, that she might have corrected the mistake in her testimony. R. S. 1889, sec. 2240.

The debts evidenced by the two notes of defendant, to secure which the mortgage was given, were *bona fide. Sawyer Paper Co. v. Mangan*, 60 Mo. App. 76; *Barton v. Sitlington*, 128 Mo. 164.

In this state a debtor in failing circumstances may give one creditor a preference over others, whether such creditor be one of his family, his neighbor, or his friend; and if the preferred debt is honest, it can not be impeached. *Schufeldt v. Smith*, 131 Mo. 288; *Riley v. Vaughn*, 116 Mo. 176.

*Henry B. Davis* and *Henry M. Post* for respondent.

The affidavits in support of the motion for new trial were addressed to the discretion of the trial court, and were not even offered as evidence in that court. The court having exercised its discretion as to their effect, its action is not subject to review. *McDonough v. Nicholson*, 46 Mo. 35; *McKay v. Underwood*, 47 *Id.* 185; *Iron Mountain Bank v. Armstrong*, 92 *Id.* 265;

*McCullough v. Phoenix Ins. Co.*, 113 *Id.* 606; *Eidemiller v. Krump*, 61 *Id.* 340.

The evidence showed a compromise, with authority from interpleader to withdraw her plea and allow judgment to go against her. This question was submitted to the trial court, and should not be revived. *First Nat. Bank, etc., v. Wood*, 27 S. W. Rep. 554.

Aside from the question of the *bona* or *mala fides*, the facts in this case bring it clearly within the provisions of section 5176, Revised Statutes, 1889. See, also, *Bryson v. Penix*, 18 Mo. 13; *Wilson v. Milligan*, 75 *Id.* 42; *Rawlings v. Dean*, 80 *Id.* 619; *Hughes v. Menifee*, 29 Mo. App. 203.

BIGGS, J.—This is the second time that the subject-matter of this suit has been before us. 60 Mo. App. 76. The conceded facts are these. In July, 1893, and for some years previous, the defendant Mangan owned and operated a printing office in the city of St. Louis. On the thirty-first day of July, 1893, he executed a chattel mortgage on all of the material and fixtures in the printing office and also his household furniture, for the purpose of securing two promissory notes executed by him on that day, one for $1,500, due six months after date, and the other for $1,000, due twelve months after date, both payable to the interpleader herein. The mortgage was not acknowledged until August 22, and was not recorded until September 13 following. By the terms of the mortgage the property was to remain in the hands of Mangan until the maturity of the notes. On the twentieth of May, 1893, Mangan executed to plaintiff two notes for $250 each, and payable respectively in thirty and sixty days. He failed to pay the notes. On the fourth day of August, 1893, he also owed the plaintiff on account for goods sold $245. Two days after Mrs. Luney's mortgage

was filed for record, the plaintiff instituted the present action by attachment against Mangan for the purpose of collecting its aforesaid debts. The materials and fixtures of the printing office were seized under the writ and subsequently sold by the sheriff under the order of the court. A few days after the attachment Mrs. Luney filed an interplea in the cause, setting up ownership of the goods under her mortgage. We held on the former appeal that that interplea was premature. The proceeding was remanded, and when it reached the circuit court, Mrs. Luney dismissed it, and by leave of court filed another interplea, which was subsequently tried, and is the basis of the present controversy. The cause was submitted to the court without a jury and the finding and judgment were in favor of the plaintiff. Mrs. Luney has appealed, and she complains of the admission of evidence, that under the evidence the judgment ought to have been for her, and that a new trial ought to have been granted on the ground of surprise.

When the first interplea was filed and for some time thereafter, Robert W. Goode, an attorney at law, represented Mrs. Luney. On March 30, 1894, which was after the trial, but prior to the judgment on the interplea, Mrs. Luney executed and delivered to Goode the following paper: "I herewith authorize Robt. W. Goode as my attorney in the case of F. O. Sawyer Paper Company v. Mangan, Mary A. Luney, interpleader, to withdraw my plea and allow judgment to go against me on said appeal in said cause." On the same day Goode as attorney for Mrs. Luney, and Henry B. Davis, attorney for the plaintiff, signed the following stipulation, to wit: "It is hereby stipulated by and between plaintiff and Mary A. Luney, interpleader herein, that judgment may be entered in favor of

AUTHORITY to attorney to withdraw interplea: stipulation of attorneys: evidence.

the plaintiff on the interplea of Mary A. Luney filed herein." Against the objection of the interpleader these papers were read in evidence. The first paper was competent as evidence of an admission by Mrs. Luney that her claim to the money was unfounded. The admission of the stipulation between Goode and Davis was error, but as it was not shown that any action was taken under it, the error was nonprejudicial.

The contention of the interpleader is that under the law and evidence the judgment ought to have been for her.

The interpleader asked no instructions, and none asked by plaintiff were passed on, except one in the nature of a demurrer to the evidence, which was refused. The court having committed no error in the admission of evidence, it follows that the judgment can not be disturbed if it can be sustained on any possible theory of law applicable to the facts. *Gentry v. Templeton*, 47 Mo. App. 55.

The contention of the interpleader is that under the law and evidence the judgment ought to have been for her.

In its answer to the interplea the plaintiff charged that the alleged debts from Mangan to the interpleader were not *bona fide,* and further that the mortgage was executed for the purpose of hindering, delaying, or defrauding the other creditors of Mangan. Concerning the validity or *bona fides* of the debts, the interpleader's own testimony is by no means satisfactory. Mangan is her son by a former marriage, and she testified that about ten or eleven years prior to the giving of the mortgage she loaned him about $600; that a few years afterward she loaned him about the same amount; that at the time the mortgage was given she loaned him $300, and that the note for $1,500, which is secured by the mortgage, was

given for these loans, and that the old notes were surrendered. She also stated that the debts were bearing six per cent interest, and that during the entire time Mangan only paid her $100 of the interest. It will be observed that the new note was only for the principal of the loans, and she made no explanation of what was done about the large amount of past due interest. Concerning the note for $1,000, she testified that she owned stock in Mangan's business of that amount, and when the mortgage was given she surrendered her stock and accepted the note.

Under this testimony there is room to question the good faith of the alleged debts. It is strange that the interpleader allowed the debts to run so long without the payment of interest, and it is also unaccountable why she failed to secure the past due interest, which almost equaled the principal of the debts. The good faith of the stock transaction may under the circumstances also be fairly questioned. Another ugly feature of the case is that the interpleader failed to interrogate Mangan as to the validity and origin of the debts, although he was present at the trial and testified for her as a witness as to other matters.

It is in evidence that during the months of July and August, 1893, the plaintiff was urging payment of its demands and Mangan put it off, promising to pay within a few days. He failed to say anything to plaintiff's collector about the chattel mortgage to his mother. When his conduct is considered in connection with the fact that Mrs. Luney held the mortgage from August 27 to September 13 without recording it, it furnishes some evidence that in the execution of the mortgage the parties intended to hinder or delay other creditors in the payment of their debts.

The paper executed by Mrs. Luney and delivered to Goode was some evidence of an admission that her

claim under the mortgage was unfounded, and was sufficient to support the judgment.

Thus it appears that under the evidence the judgment might very well be sustained on either one of three grounds: *First.* That the alleged debts from Mangan to interpleader were not *bona fide.* *Second.* Although the debts were justly due the mortgage was given to hinder, delay, or defraud the other creditors of Mangan. *Third.* That the admission of the interpleader was such as to justify the conclusion that her claim under the mortgage was unfounded.

One of the grounds stated in motion for new trial is that Mrs. Luney in her testimony at the trial had made a mistake concerning the consideration for the note for $1,000. She says in her affidavit in support of the motion that when Mangan first started in business he organized a corporation and that she subscribed for $1,000 of its capital stock; that long prior to the giving of the mortgage she sold her stock to Mangan and took his note for it, and that at no time did she ever have any interest in the business he was conducting at the time the mortgage was given. She states that her testimony at the trial was a mistake, and that the mistake was caused by her embarrassment on the witness stand. The court overruled the motion for new trial, of which complaint is now made.

NEW trial: mistake in testimony.

The answer to this assignment is that the interpleader did not act with proper diligence. She should have called the attention of the court to the alleged mistake before the case was closed. If she had done so, we have no doubt that ample opportunity would have been afforded her to correct her testimony. *Howell v. Howell,* 37 Mo. 125; *Albert v. Suler,* 31 Mo. App. 247.

The judgment of the circuit court will be affirmed. All the judges concur.